FRIEDMAN, J.,
concurring.
I join fully in the majority opinion. I write separately to make one additional point.
In Section II.A.2 of the Court’s opinion, we find that the circuit court erred by not evaluating the Board of Physicians’ claim of deliberative process privilege by weighing the Board’s, and through it the public’s, need for the confidentiality of its internal processes as expressed in documents against the Geiers’ need to obtain these documents for use in this lawsuit. Maj. Op. at 147-52, 123 A.3d at 620-24. In note 23, we give the circuit court some guidance about how to conduct this weighing on remand, directing it to “assess the Board’s immunity claims, because the Geiers can establish no ‘need for disclosure,’ and nondisclosure cannot affect the ‘fair administration of justice,’ if an immunity insulates the defendants from liability or from suit.” Maj. Op. at 152 n. 22, 123 A.3d at 624 n. 22 (internal citations omitted). I wholeheartedly agree but would go one step further.
I would also direct that the circuit court consider whether every document sought by the Geiers and whose production is sought to be prevented by the Board through a claim of deliberative process privilege, is germane to the appropriate scope of discovery. The Geiers can have no need (and thus they can offer no counterweight to the Board’s, and through it, the public’s right to confidentiality) for documents that are not relevant, or that are no longer relevant, to their lawsuit. While my brethren prefer to leave that discussion for another *157 day, in the circumstances and given the parties’ conduct of discovery so far, I would reach it today.
It is my view that the only documents relevant to this lawsuit are those that are reasonably calculated to lead to the discovery of admissible evidence related to: (1) the Board’s decision to issue the cease and desist order on January 25, 2012; (2) the decision to reveal the Geiers’ confidential medical information in that cease and desist order; and (3) the duration of time that the cease and desist order was publicly available. The Geiers are entitled to any non-privileged documents related to those three topics and if they find evidence of malice in them they are entitled to present that evidence to a jury. But that’s it.
The Geiers have sought (and the circuit court thus far permitted) discovery into the Board’s conduct of the disciplinary proceedings against the Geiers, because they claimed that they were searching for evidence of the Board’s alleged malice toward them. Maj. Op. at 124-26, 123 A.3d at 607-08. For even more attenuated reasons, the Geiers have sought documents related to Dr. Young. Maj. Op. at 126, 123 A.3d at 608. In light of the circuit court and this Court’s decisions affirming the Board’s decisions in those disciplinary proceedings, I would hold today that the Board’s conduct of those disciplinary proceedings was non-malicious as a matter of law[1] irrelevant to the proper scope of the Geiers’ present claims, and that, therefore, in the circuit court’s weighing required by the assertion of the deliberative process privilege, the Geiers’ desire for these documents can offer no counterweight to the Board’s need for confidentiality.

. It seems incontrovertible to me that a finding by a reviewing court that physician disciplinary proceedings are warranted (and all the more so when the imposition of discipline is confirmed on appeal) precludes, as a matter of law, that the disciplinary proceedings could have been conducted with malice, in much the same way that a conviction or a judgment is a bar to claims for malicious prosecution and malicious use of process. Havilah Real Property v. Early, 216 Md.App. 613, 624-25, 88 A.3d 875 (2014).